# UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CREIGHTON WUNEBURGER #196678**          **CIVIL ACTION**

**versus**                                **NO. 07-1445**

**N. BURL CAIN, WARDEN**                  **SECTION: "F" (1)**

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  <u>See</u> 28 U.S.C. § 2254(e)(2).[1]  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1]  Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination.  According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Creighton Wuneburger, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana.  On January 29, 2002, he was convicted of armed robbery in violation La.Rev.Stat.Ann. § 14:64.[2]  On March 18, 2002, he was found to be a third offender and was sentenced as such to a term of life imprisonment without benefit of probation, parole, or suspension of sentence.[3]  On October 15, 2003, the Louisiana Fifth Circuit Court of Appeal affirmed his habitual offender adjudication and enhanced sentence.[4]  He next filed with the Louisiana Supreme Court an untimely application for a writ of certiorari[5] which was denied on January 7, 2005.[6]  He then filed a motion for reconsideration[7] which was denied on March 24, 2005.[8]

---

[2]  State Rec., Vol. II of IV, transcript of January 29, 2002, p. 120; State Rec., Vol. I of IV, minute entry dated January 29, 2002; State Rec., Vol. I of II, jury verdict form.

[3]  State Rec., Vol. III of IV, transcript of March 18, 2002; State Rec., Vol. I of IV, minute entry dated March 18, 2002.

[4]  State v. Wuneburger, 860 So.2d 78 (La. App. 5th Cir. 2003) (No. 03-KA-490); State Rec., Vol. IV of IV.  He did not challenge his underlying conviction on direct appeal.

[5]  State Rec., Vol. IV of IV.

[6]  State ex rel. Wuneburger v. State, 891 So.2d 673 (La. 2005) (No. 2003-KH-3357); State Rec., Vol. I of IV.

[7]  State Rec., Vol. IV of IV.

[8]  State ex rel. Wuneberger [sic] v. State, 896 So.2d 1019 (La. 2005) (No. 2003-KH-3357); State Rec., Vol. I of IV.

On or after August 15, 2005, petitioner filed with the state district court an application for post-conviction relief.[9] That application was denied on December 5, 2005.[10] He next filed an application for a supervisory writ of review with the Louisiana Fifth Circuit Court of Appeal which was denied on January 23, 2006.[11]  He then filed with the Louisiana Supreme Court an untimely writ application[12] which was denied on February 16, 2007.[13]

On March 5, 2007, petitioner filed the instant federal application for *habeas corpus* relief.  In support of his application, petitioner claims:

1.      He was wrongly found to be a third offender and his sentence

         is excessive;

2.      He was denied his rights under the Confrontation Clause; and

3.      He received ineffective assistance of counsel.

---

[9] State Rec., Vol. I of IV.  Petitioner signed the application on August 15, 2005; therefore, it could not have been filed prior to that date.

[10]  State Rec., Vol. I of IV, Order dated December 5, 2005.

[11]  State *ex rel.* Wuneberger [sic] v. Cain, No. 06-KH-40 (La. App. 5th Cir. Jan. 23, 2006) (unpublished); State Rec., Vol. I of IV.

[12]  State Rec., Vol. IV of IV.

[13]  State *ex rel.* Wuneberger [sic] v. State, 949 So.2d 405 (La. 2007) (No. 2006-KH-1400); State Rec., Vol. I of IV.

The state argues that petitioner's federal application is untimely.[14]  The state is correct.[15]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his criminal judgment becomes "final."  Under the AEDPA, a judgment is considered "final" upon "the conclusion of direct review or the expiration of time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).[16]

In the instant case, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's habitual offender adjudication and enhanced sentence on October 15, 2003,[17] and mailed notice of that judgment that same date.[18]  Under state law, petitioner had only thirty days from that date to file a writ application with the Louisiana Supreme Court to seek review of that judgment.[19]  The state

---

[14]  Rec. Doc. 6.

[15]  Because the Court agrees that the application should be dismissed as untimely, the alternative grounds for dismissal argued by the state need not be addressed.

[16]  Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are inapplicable here.

[17]  State v. Wuneburger, 860 So.2d 78 (La. App. 5th Cir. 2003) (No. 03-KA-490); State Rec., Vol. IV of IV.

[18]  State Rec., Vol. III of IV, certificate of mailing.

[19]  The rules of the Louisiana Supreme Court provide in pertinent part:  "An application seeking to review a judgment of the court of appeal ... after an appeal to that court ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal."  Louisiana Supreme Court Rule X, § 5(a).

argues, based on the date of the filing stamp, that petitioner's related Louisiana Supreme Court writ application in the instant case was untimely filed.

It is clear, however, a filing stamp may not be used to determine the timeliness of a state filing. The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a state court filing, and, therefore, such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." <u>Causey v. Cain</u>, 450 F.3d 601, 607 (5th Cir. 2006). Unfortunately, as the state notes, the state court record does not establish when petitioner placed his writ application in the prison mail system.

However, the absence of that information is not critical here. When a state court has determined that a filing is untimely under state law, federal courts do not revisit that determination. <u>See</u> <u>Pace v. DiGuglielmo</u>, 544 U.S. 408 (2005); <u>Campbell v. Cain</u>, Civ. Action No. 06-3983, 2007 WL 2363149, at *3 (E.D. La. Aug. 15, 2007). For the following reasons, it is evident that the Louisiana Supreme Court determined that petitioner's writ application was in fact untimely.

A timely-filed Louisiana Supreme Court writ application challenging a judgment of the Court of Appeal on direct review is likewise part of the direct-review process. However, it is clear from its decision that the Louisiana Supreme Court treated petitioner's writ application as one relating to *collateral*, not *direct*, review.[20] In its denial of petitioner's writ application, the Louisiana

---

[20]   The Louisiana Supreme Court occasionally treats untimely direct-review writ applications as post-conviction applications. <u>See, e.g.</u>, <u>State v. Jacobs</u>, 504 So.2d 817, 818 n.1 (La. 1987) ("Since the request for review of the intermediate court's judgment was untimely, we treated the filing as an application for post-conviction relief.").

Supreme Court stated: "Denied. La. C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1162."[21]  Neither article 930.3 nor <u>Melinie</u> are applicable on direct review; rather, they apply *only* in state post-conviction proceedings.[22]  Therefore, because the Louisiana Supreme Court treated the filing as a post-conviction filing, it necessarily determined that it was filed too late to be considered as a direct-review filing.  As noted, this Court defers to a state court's determination as to whether a filing is timely under state law.

Accordingly, because petitioner's Louisiana Supreme Court writ application was untimely, his conviction and sentence became final for AEDPA purposes on November 14, 2003, when his period expired for filing a timely writ application.  <u>McGee v. Cain</u>, 104 Fed. App'x 989, 991 (5th Cir. 2004); <u>Roberts v. Cockrell</u>, 319 F.3d 690, 694 (5th Cir. 2003).  The federal statute of limitations, therefore, commenced on that date and expired one-year later, unless that deadline was extended through tolling.

The Court first considers statutory tolling.  The AEDPA provides that the statute of limitations is tolled for the period of time during which a "properly filed" application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court.  28 U.S.C. § 2244(d)(2).

---

[21]  <u>State *ex rel.* Wuneburger v. State</u>, 891 So.2d 673 (La. 2005) (No. 2003-KH-3357); State Rec., Vol. I of IV.

[22]  Article 930.3 sets forth the grounds on which post-conviction relief may be granted, while <u>Melinie</u> holds that claims involving sentencing errors may not be asserted in post-conviction proceedings.

The first post-conviction filing in this case is the aforementioned Louisiana Supreme Court writ application. That application is undated; however, the envelope in which it was mailed was stamped by prison officials as "Not Censored" on November 20, 2003. Therefore, in the absence of any other colorable evidence to the contrary, the Court will assume that it was given to prison officials (and therefore considered "filed") on that date. Accordingly, after only five (5) days of the statute of limitations elapsed, the limitations period was tolled on November 20, 2003, and remained tolled until the Louisiana Supreme Court denied relief on January 7, 2005.[23]

After an additional two hundred nineteen (219) days of the limitations period elapsed,[24] the statute of limitations was again tolled on August 15, 2005, by the filing of petitioner's

---

[23]   The Court notes that it is questionable whether petitioner should receive *any* tolling credit for the writ application. Normally, a petitioner receives no tolling credit whatsoever for an untimely writ application. Williams v. Cain, 217 F.3d 303 (5th Cir. 2000); Orgeron v. Cain, No. 06-1451, 2006 WL 2789087, at *5 (E.D. La. Sept. 8, 2006). However, rather than treating the application as an untimely *direct-review* writ application, the Louisiana Supreme Court, as previously noted, opted to treat it as a post-conviction application. Because Louisiana law requires that post-conviction applications be filed initially in the *state district court*, see La.C.Cr.P. art. 926(A), a post-conviction application filed in the first instance with the Louisiana Supreme Court is not "properly filed" and, therefore, normally does not entitle a petitioner to tolling credit. Carbins v. Hubert, Civ. Action No. 06-0677, 2007 WL 1099649, at *4 (W.D. La. Apr. 4, 2007); Darbonne v. Cain, Civ. Action No. 06-0856, 2006 WL 2457988, at *6 n. 8 (W.D. La. Aug. 21, 2006). Nevertheless, in that the Louisiana Supreme Court chose to consider the post-conviction claims, and because the instant federal application is untimely in any event, this Court, out of an abundance of caution, will toll the period of time that application was pending. However, any such tolling ended no later than the date of the Louisiana Supreme Court's decision, in that a petitioner clearly receives no tolling credit in post-conviction proceedings for the period during which he could have sought review by the United States Supreme Court. Lawrence v. Florida, 127 S.Ct. 1079, 1083 (2007); Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999).

[24]   During that period, petitioner's application for reconsideration was filed and denied by the Louisiana Supreme Court. However, Louisiana law expressly provides that such motions will not be entertained. Louisiana Supreme Court Rule IX, § 6 ("An application for rehearing will not be considered when the court has merely granted or denied an application for a writ of certiorari or a

post-conviction application in the state district court.  Although that application was denied on

December 5, 2005, tolling continued uninterrupted because petitioner filed a timely writ application

with the Louisiana Fifth Circuit Court of Appeal.  Grillette v. Warden, Winn Correctional Center,

372 F.3d 765, 769-70 (5th Cir. 2004).  However, that writ application was also denied on January 23,

2006, and tolling therefore ceased on February 22, 2006, when petitioner's period expired for filing

a timely writ application with the Louisiana Supreme Court.  Id. at 771 ("[A] state application ceases

to be pending when the time for appellate review expires."); Louisiana Supreme Court Rule X, §

5(a) (a litigant has only thirty days to file a writ application to challenge a judgment of a Louisiana

intermediate appellate court).

When the statute of limitations resumed running at that point, two hundred twenty-

four (224) days of the one-year period had expired, leaving only one hundred forty-one (141) days

of the limitations period remaining.  Accordingly, petitioner had only until July 13, 2006, to file his

federal application, unless that deadline was extended by further tolling.

Because petitioner had no "properly filed" state applications pending at any time

between February 23, 2006, and July 13, 2006, he is not entitled to further statutory tolling.  The

only application he had pending during that time was the Louisiana Supreme Court writ application

---

remedial or other supervisory writ ...."); see also State v. Sanders, 337 So.2d 1131 (La. 1976)
("Because rehearings are not available from denial of a writ application, we may not consider the
rehearing application.").  Accordingly, such applications are not "properly filed" and, therefore, do
not entitle a petitioner to tolling credit while they are pending.  Wilson v. Cain, Civ. Action No. 06-
890, 2007 WL 1853423, at *3 (E.D. La. June 26, 2007).  However, this Court notes that petitioner's
federal application would still be untimely *even if* he were given tolling credit for the *entire* period
the application for reconsideration was pending.

in case number 2006-KH-1400; however, because that application was clearly untimely,[25] it does not entitle him to any tolling credit. Williams v. Cain, 217 F.3d 303 (5th Cir. 2000); Orgeron v. Cain, No. 06-1451, 2006 WL 2789087, at *5 (E.D. La. Sept. 8, 2006).

The Court also notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). This Court knows of no reason that would support equitable tolling of the statute of limitations regarding petitioner's federal application for *habeas corpus* relief.

---

[25] As noted, to be timely, the application had to be filed no later than February 22, 2006. It was mailed in an envelope metered on April 26, 2006. State Rec., Vol. IV of IV. Moreover, even petitioner acknowledges that he did not give the application to prison officials for mailing until April 25, 2006. Rec. Doc. 8, p. 3. Accordingly, it was clearly untimely.

Petitioner contends that it is unfair to consider the application untimely because he made an earlier unsuccessful attempt to file an application. That contention fails for two reasons. First, the Louisiana Supreme Court returned the original document to petitioner unfiled because he had not complied with the applicable filing requirements. State Rec., Vol. IV of IV, letter to petitioner from the Louisiana Supreme Court Central Staff dated April 5, 2006. An application which fails to comply with a state's procedural requirements is not "properly filed," and, therefore, does not trigger the tolling provisions. Villegas v. Johnson, 184 F.3d 467, 470 & n.2 (5th Cir. 1999); see also Artuz v. Bennett, 531 U.S. 4, 8 (2000); McCoy v. Quarterman, No. 3-06-CV-1044-K, 2006 WL 3775971, at *3 (N.D. Tex. Dec. 15, 2006) (a document rejected for filing and returned for corrections is not "properly filed"). Second, the application was dated *March 1*, 2006. State Rec., Vol. IV of IV. In that the filing period expired on February 22, 2006, it appears that even the first attempted filing was also untimely.

Because petitioner is entitled to neither further statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before July 13, 2006, in order to be timely.  Petitioner's federal application was not filed until March 5, 2007,[26] and it is therefore untimely.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Creighton Wuneburger be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-fourth day of September, 2007.



SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE

---

[26]  Petitioner signed his application on March 5, 2007.  Rec. Doc. 1.  That date represents the earliest date that petitioner could have presented his application to prison officials for mailing and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes.  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).